# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:

CHARACTER CORNER, INC.,

      Debtor.

Case No. 6:05-bk-00358-ABB
Chapter 7

_____/

CARLA MUSSELMAN, TRUSTEE,

      Plaintiff,

vs.

CHRISTOPHER WEISING,

      Defendant.

Adv. Pro. No. 6:07-ap-00005-ABB

_____/


## MEMORANDUM OPINION

      This matter came before the Court on the Complaint (Doc. No. 1) filed by Carla

P. Musselman, the Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Character

Corner, Inc., and the Motions to Dismiss (Doc. Nos. 8, 16, 28)[1] filed by Christopher

Weising, the Defendant herein (Defendant).  Hearings were held on June 4 and July 9,

2007 at which the counsel for the Trustee and counsel for the Defendant appeared.  The

Court makes the following Findings of Fact and Conclusions of Law after reviewing the

pleadings, hearing live argument, and being otherwise fully advised in the premises.

---

[1] Doc. No. 16 is a Memorandum of Law in support of the initial Motion to Dismiss and Doc. No. 28 is a Renewed Motion to Dismiss.  The Defendant sought to dismiss the Adversary Proceeding on the basis the Plaintiff failed to timely serve the summons and complaint in accordance with Federal Rule of Bankruptcy Procedure 7004.  An Order was entered on June 22, 2007 (Doc. No. 24) denying the dismissal request.  An alias summons was issued and served on the Defendant by the Plaintiff (Doc. No. 27).

## FINDINGS OF FACT

Character Corner, Inc. ("Debtor") filed the above-captioned Chapter 7 case on January 14, 2005 ("Petition Date"). The Defendant executed the petition as the "President" of the Debtor.[2] The Debtor's List of Equity Security Holders and Statement of Financial Affairs list the Defendant as the 100% shareholder of the Debtor.[3] The Trustee instituted this adversary proceeding against the Defendant through a three-count Complaint ("Complaint") filed on January 12, 2007.[4] The statute of limitations applicable to the institution of this adversary proceeding ran two days later.[5]

### *The Complaint: General Matters*

Counsel for the Trustee in electronically filing the Complaint created a docket entry (Doc. No. 1) stating the Complaint relates to "Recovery of money/property – 548 fraudulent transfer." The Trustee does not cite to 11 U.S.C. Section 548 in the Complaint nor does she plead any of the elements of Section 548. The Trustee has not stated a claim upon which relief can be granted pursuant to Section 548 of the Bankruptcy Code.

The body of the Complaint makes references to "Defendants" and to "The Defendant Company Outlet of LBV, Inc." Paragraph 1 of Count I states: "This is an action against Christopher Weising and Company Outlet of LBV, Inc. . . ." The Defendant is the only named defendant in this adversary proceeding. Company Outlet of LBV, Inc. was not named as a party to the pending Adversary Proceeding nor was it

---

[2] Main Case Doc. No. 1.
[3] Id.
[4] The Trustee instituted a second adversary proceeding against the Defendant's wife Kathy Weising, Adversary Proceeding No. 6:07-ap-00006-ABB. The Trustee has instituted no other adversary proceedings relating to this bankruptcy case.
[5] Federal Rule of Civil Procedure 4, applicable in bankruptcy proceedings through Federal Rule of Bankruptcy Procedure 7004.

served with notice or process. Company Outlet of LBV, Inc. has not been afforded due process of law and the Trustee may not, in this proceeding, seek relief against this entity.

### The Complaint: Count I

The Trustee sets forth the purpose of Count I is "to set aside a transfer pursuant to 11 U.S.C. § 544 and § 726.105 Fla. Stat."[6] She contends: "At a time unknown to Plaintiff, [Defendant] caused [the Debtor] to transfer all of its inventory and other assets in the business its then existing customer base and work force."[7]

Florida statutory law provides for the recovery of fraudulent transfers where the fraud is actual or constructive. Section 726 of the Florida Code sets forth various transfer recovery provisions pursuant to which a plaintiff must establish certain elements by a preponderance of the evidence. The Trustee did not delineate which specific Florida statutes Count I is based upon. It appears Count I is based upon both Section 726.105(a) and Section 726.105(b)(1).

The Trustee does not reveal to whom the alleged transfers were made in Count I, nor is the recipient of the alleged transfers named as a defendant in the pending action. The Trustee instituted this adversary proceeding exclusively against the Defendant. The Trustee asserts the Defendant "caused" the Debtor to make these alleged transfers, but the Defendant is not the recipient of the transfers. The Trustee's Complaint fails on Count I solely because the Trustee did not name a proper defendant from which she can recover. The Trustee has failed to state a claim upon which relief can be granted. Count I is due to be dismissed.

---

[6] Doc. No. 1, p. 1, ¶ 1.
[7] Id., p. 2, ¶ 12.

### *The Complaint:  Count II*

Count II of the Trustee's Complaint is for the breach of fiduciary duty owed by the Defendant to the Debtor.  The Trustee asserts "[a]s the President of [Debtor], [Defendant] had a duty to provide business opportunities to [Debtor] and to also preserve the business assets of [Debtor], including the inventory and other business assets."[8]  The Trustee contends the Defendant breached this duty by transferring inventory and other assets to Company Outlet of LBV, Inc.; by incurring insufficient funds charges due to his mismanagement of the Debtor; by issuing various loans to other entities; by making numerous transfers to other entities; and by continuing to support his lavish lifestyle.

The Trustee discloses various entities to which the Debtor made these alleged transfers, but none of the entities, including Company Outlet of LBV, Inc., are named as defendants in the adversary proceeding.  The Trustee has failed to state a claim upon which relief can be granted.  Count II is due to be denied.  The Trustee may amend Count II to clarify the relief she is seeking but no additional defendants may be added.

### *The Complaint:  Count III*

Count III of the Trustee's Complaint seeks the corporate veil of the Debtor be pierced.  The Trustee contends the Defendant has acted as the alter ego of the Debtor and he failed to maintain the Debtor as a separate corporation.  The remainder of Count III repeats the allegations of Count II.  No recovery could be realized if the corporate veil of the Debtor was pierced.  The Trustee has failed to state a claim upon which relief can be granted.  Count III is due to be denied.  The Trustee may amend Count III of the Complaint but no additional defendants may be added.

---

[8] Id., p. 4, ¶ 27.

The Trustee instituted this adversary proceeding on the eve of the two year statute of limitations. The Trustee's Complaint enunciates three counts, each containing indecipherable facts and allegations predominately bearing no cognizable connection. The Complaint is deficient of any substantive ground of recourse. The Complaint is due to be dismissed. The Trustee has fourteen days from entry of this Memorandum Opinion to amend Counts II and III of the Complaint to clarify the relief she is requesting, but no additional defendants may be added.

## CONCLUSIONS OF LAW

### Count I: Florida Statute § 726 and 11 U.S.C. § 544

Section 544 of the Bankruptcy Code is designed to aid a trustee in recovering assets for the benefit of the creditors of the estate. A trustee, pursuant to Section 544(b), has the rights and powers to avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by applicable state or federal law. Section 544(b) provides:

> (b) (1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under 502(e) of this title.[9]

The standard used to determine whether a transfer is fraudulent as to creditors is proof by preponderance of the evidence.[10]

The extent of a trustee's avoidance powers pursuant to Section 544(b) is measured by applicable substantive state law of the jurisdiction governing the transferred property

---

[9] 11 U.S.C. § 544(b) (2005). Paragraph (2) of Section 544(b) sets forth that Paragraph (1) shall not apply to a transfer of a charitable contribution. 11 U.S.C. § 544(b)(2) (2005). The transfers at issue do not involve charitable contributions, thus 11 U.S.C. Section 544(b)(2) is inapplicable.

[10] In re Stewart, 280 B.R. 268, 281 (Bankr. M.D. Fla. 2001).

5

in question.[11] Section 544 acts in tandem with state law. The Debtor is located and acted in Florida. The applicable substantive state law is Florida law.

Florida Statutes Sections 726.105(1)(a) and (1)(b) provide for the avoidance of transfers made or obligations incurred by a debtor arising from actual or constructive fraud.[12] A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation through actual fraud or constructive fraud.[13] The courts look at the totality of the circumstances and the badges of fraud surrounding the transfers given the difficulties in establishing actual intent. In re World Vision Entertainment, Inc., 275 B.R. 641, 656 (Bankr. M.D. Fla. 2002).

Remedies for a plaintiff seeking to avoid a transfer are set forth in Section 726.108. Those remedies are limited by the defenses to a fraudulent transfer action set forth in Section 726.109. A transfer is not voidable pursuant to Section 726.105(1)(a) where the transferee took the transfer "in good faith and for a reasonably equivalent value . . ."[14]

---

[11] 5 COLLIER ON BANKRUPTCY ¶ 544.02, at 544-5 (Alan N. Resnick et al. eds., 15th ed. rev. 2005); In re Collins, 234 B.R. 88, 91 at n.2 (Bankr. W.D. Mo. 1999); In re Richman, 181 B.R. 260, 264 (Bankr. D. Md. 1995).
[12] Florida adopted the Uniform Fraudulent Transfer Act effective January 1, 1988 found at FLA. STAT. §§ 726.101, et seq. See Cumulative Annual Pocket Part Vol. 20A at p. 99 (West 2006).
[13] Section 726 provides, in part:
    (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
        (a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
        (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
        1. Was engaged or was about to engage in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
        2. Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or ability to pay as they became due.
FLA. STAT. § 726.105(1) (West 2000).
[14] FLA. STAT. § 726.109 (West 2000).

The Trustee failed to delineate which specific Florida statute she bases Count I upon in the Counterclaim and Trustee's Complaint. It appears Count I is based upon both Section 726.105(a) and Section 726.105(b)(1).

The Trustee's Complaint names Christopher Weising as the Defendant. The Trustee identifies transfers of funds made to various entities, including Company Outlet of LBV, Inc. These entities were not named as defendants in the pending actions nor were they served with notice or process. They were not afforded due process of law guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States. The Trustee may not seek avoidance and recovery of any transfers made to these various entities in this proceeding. Count I fails because additional defendants are necessary to recover any assets. The Trustee did not establish the transfers delineated in her Complaint are avoidable and recoverable pursuant to 11 U.S.C. Section 544 or Florida Statute Section 726. Count I of the Compliant is due to be denied. Judgment shall be entered in favor of the Defendant and against the Trustee.

### Counts II and II: Breach of Fiduciary Duty and Piercing the Corporate Veil

The Trustee, in Counts II and III of the Complaint, fails to state a claim upon with relief may be granted.[15] The facts and assertions delineated within these counts are unintelligible and without substantive value. The Trustee has not set forth a cause of action in either count that elicits potential recovery. Counts II and III of the Complaint are due to be dismissed. The Trustee may amend these counts within fourteen days of the entry of this Memorandum Opinion without the addition of any defendants.

---

[15] F.R.C.P. 12(b)(6).

7

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 30ᵗʰ day of July, 2007.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge